UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SUTTON INVESTMENTS LLC,

       *Plaintiff*,

v.

DAWN PERLMUTTER, et al.,

       *Defendants*.

Civil Action No. 1:21-cv-3226 (CJN)

## MEMORANDUM OPINION

Sutton Investments LLC entered into a sales contract to sell property located in the District to a third-party purchaser for over $10,000,000. *See generally* Compl. The contract requires the sale to close on or before December 30, 2021. *Id.* Just over a month ago, Defendants Dawn Perlmutter and Thomas Bolick recorded a notice of lis pendens against the property. *Id.* Sutton Investments seeks an order cancelling the notice of lis pendens to ensure the sale closes before the end of the year, and the company also seeks injunctive relief prohibiting Defendants from recording other similar notices against the property without first receiving permission from the Court. *Id.* For the reasons that follow, the Court issues an order cancelling the notice of lis pendens and issues a temporary restraining order barring Perlmutter, Bolick, and their agents from recording a notice of lis pendens against the property for the next 14 days unless they first receive leave of the Court.

### I.     The Lis Pendens Doctrine

The doctrine of lis pendens has been around for centuries. *See Bristow v. Thackston*, 86 S.W. 94, 98 (Mo. 1905) ("Lis pendens is a notice of very ancient origin."). The "well-established" doctrine permits a plaintiff who wishes to enforce an interest in property to which the defendant

has title to give notice of the pendency of a civil action to third parties.  *Connecticut v. Doehr*, 501 U.S. 1, 29 (1991) (Rehnquist, C.J., concurring in part); *Cordoba Initiative Corp. v. Deak*, 943 F.Supp.2d 74, 75 (D.D.C. 2013) (quotation omitted) (noting that the doctrine of lis pendens serves "to enable interested third parties to discover the existence and scope of pending litigation affecting property").  The recording of a notice of lis pendens often "has the effect of preventing sale or lowering the market value of the property," given the risk associated with acquiring property clouded by a lawsuit.  *Pater v. City of Casper*, 646 F.3d 1290, 1296 (10th Cir. 2011).

At common law, the doctrine required neither actual nor record notice to put a third-party purchaser on alert over dueling claims to a piece of property.  *See* William Douglas White, *Lis Pendens in the District of Columbia: A Need for Codification*, 36 Cath. U. L. Rev. 703, 704 (1987).  States have responded to concerns about providing third parties with sufficient notice by enacting lis pendens statutes.  *Id.*  These statutes often require the "filing of a notice of the pendency of actions affecting real property with the appropriate land recordation office."  *Id.*

The District of Columbia enacted a lis pendens statute in 2000.  *See* D.C. Code § 42-1207; *Tr. 1245 13th St., NW No. 608 Tr. v. Anderson*, 905 A.2d 181, 184 (D.C. 2006).  In the District, a notice of lis pendens may be filed with the land recordation office if an action in "state or federal court in the District of Columbia" either "affect[s] the title to" or otherwise "assert[s] a mortgage, lien, security interest, or other ownership interest in real property situated in the District of Columbia."  D.C. Code § 42-1207(a).

Understanding that some litigants may use this procedure to frustrate the interests of others in real property, in 2010 the District added subsection (h).  *See Havilah Real Prop.* Servs.*, LLC v. VLK, LLC*, 108 A.3d 334, 349 (D.C. 2015).  Subsection (h) permits a party to seek cancellation of a recorded lis pendens under specified scenarios.  It states in pertinent part that:

>A court in which a motion is filed or an action is brought under subsection (g) of this section may issue an order canceling the notice of pendency of action prior to the entry of judgment in the underlying action or proceeding if the court finds . . .
>
>>(A) The moving party will suffer an irreparable injury if the notice is not cancelled;
>>
>>(B) The moving party has demonstrated a substantial likelihood of success on the merits in the underlying action or proceeding;
>>
>>(C) A balancing of the potential harms favors the moving party; and
>>
>>(D) The public interest favors cancelling the notice.

To seek cancellation of a lis pendens under subsection (h), the plaintiff must file a motion or bring an action in conformity with subsection (g).  Subsection (g) provides that:

>A person with an ownership interest in real property upon which a notice of pendency of action has been filed under this section may:
>
>>(1) If the action or proceeding underlying the notice is pending in either state or federal court in the District of Columbia, file a motion to cancel the notice with the court in which the underlying action or proceeding is pending or, if the action is on appeal, in the court in which the action was originally brought; or
>>
>>(2) If the action or proceeding underlying the notice is not pending in a court of the District of Columbia, bring an action in the Superior Court of the District of Columbia to cancel the notice.

D.C. Code § 42-1207(h).

## II.   Factual Background

Joan Sutton left behind an estate worth millions when she passed away in 2010.  *See* Compl. ¶ 22.  The estate included Sutton Investments, a company formed under the laws of Maryland, which owns a significant amount of property in the southeastern quadrant of Washington, D.C.  *See id.* ¶¶ 1, 16.

Joan's children have litigated the distribution of her estate for a decade.  *Id.* ¶ 6.  One of those children, Defendant Dawn Perlmutter, maintains that her sister, Trina Varone, has deprived

3

her of her rightful inheritance of Sutton Investments. *Id.* ¶ 2; *see Perlmutter v. Varone*, No. 8:19-CV-03402-PX, 2020 WL 2839097, at *1 (D. Md. June 1, 2020). Perlmutter, a resident of Pennsylvania, has filed lawsuit after lawsuit contesting Varone's entitlement to the company and the accompanying property. *See Perlmutter v. Varone*, No. 422551V, 2020 WL 6707829, at *1 (Md. Ct. Spec. App. Nov. 16, 2020) (per curiam) (documenting the litigation history).

Over the last two years, Perlmutter and Defendant Thomas Bolick, also a resident of Pennsylvania, have continued this crusade in both state and federal courts. *See* Compl. ¶ 3. In April 2020, Perlmutter and Bolick filed an action in Pennsylvania state court disputing Varone's right to Sutton Investments. *Id.* ¶ 30. About a year later, Perlmutter and Bolick recorded a notice of lis pendens against the property at issue in this case with the District's land recordation office based upon the pendency of the action filed in Pennsylvania state court. *Id.* ¶ 31. Soon after the recordation, the company entered into a sales contract to sell the property for over $10,000,000 to a third-party purchaser. *Id.* ¶ 32. The contract requires the sale to close on or before December 30, 2021. *Id.* ¶ 32 n.2.

In October 2021, the Pennsylvania Court of Common Pleas of Bucks County dismissed Perlmutter and Bolick's action. *Id.* ¶ 34. Following the dismissal, on November 12, 2021, the Superior Court for the District of Columbia gave Perlmutter and Bolick five days to cancel the notice of lis pendens. *Id.* ¶ 36. Three days later, Perlmutter and Bolick filed another lawsuit in the United States District Court for the Eastern District of Pennsylvania, claiming once again that Varone lacked a legitimate interest in Sutton Investments and the underlying property. *Id.* ¶ 37. That afternoon, Perlmutter and Bolick recorded yet another notice of lis pendens against the company's property. *Id.* ¶ 38.

It's unclear why Sutton Investments waited three weeks to file this suit, but on December 8, 2021, it initiated this action. *See* Compl. It seeks an order that would require the District's land recordation office to cancel the notice of lis pendens recorded on November 15, 2021 against the company's property. *See generally* Compl. It also seeks an injunction precluding Perlmutter, Bolick, and their agents from recording any other notices of lis pendens against the company's property without first receiving leave of the Court. *Id.* ¶¶ 56–57; *see* Mot. for a Preliminary Injunction ("Mot. for a PI"), ECF No. 2. And the company seeks sanctions, reasonable attorney fees, and costs incurred. *See* Compl. ¶¶ 56–57.

Sutton Investments has made numerous efforts to notify Defendants of the lawsuit and of the company's request for injunctive relief. The Court, soon after initiation of the lawsuit, instructed the Parties to meet, confer, and file a Joint Status Report addressing several issues. *See* Minute Order, December 13, 2021. Sutton Investments filed a Status Report, informing the Court that despite best efforts the company could not contact the Defendants. *See* Status Report, ECF No. 6. The Court then ordered the Defendants to respond to the motion for injunctive relief on or before Monday, December 20, 2021. *See* Minute Order, December 15, 2021. The Defendants have yet to lodge a response.

### III.     The Court's Authority Under D.C. Code §§ 42-1207(g) & (h)

The Court must first determine whether it possesses the authority under D.C. Code § 42-1207(g) & (h) to cancel the notice of lis pendens. Sutton Investments calls Maryland home while Perlmutter and Bolick reside in Pennsylvania, and the amount in controversy involves property worth over $10,000,000. *See* Compl. ¶¶ 1–3. The Court therefore possesses diversity jurisdiction over this dispute. *See* 28 U.S.C. § 1332. It is unclear, however, whether the Court has the authority to cancel a notice of lis pendens where, as here, the lawsuit underlying the notice of lis pendens was filed outside of the District.

Recall that subsection (h) permits a court to cancel a notice of lis pendens so long as the motion or action is "brought under subsection (g)." Subsection (g) specifies two scenarios where a property owner can ask a court to render a judgment cancelling a notice of lis pendens pursuant to subsection (h).

First, under subsection (g)(1), a "person with an ownership interest in [the disputed] real property" may "file a motion to cancel the notice with the court in which the underlying action or proceeding is pending" only when the "action or proceeding underlying the notice is pending in either state or federal court in the District of Columbia." The action underlying the notice in this case pends in federal court in Pennsylvania. Subsection (g)(1) thus does not authorize the cancellation of the notice of lis pendens here.

Second, under subsection (g)(2), a "person with an ownership interest in [the disputed] real property" may "bring an action in the Superior Court of the District of Columbia to cancel the notice" when "the action or proceeding underlying the notice is not pending in a court of the District of Columbia." Subsection (g)(2) contemplates that the action to cancel the notice of lis pendens is brought in the Superior Court of the District of Columbia; that subsection says nothing about bringing the cancellation request in federal court. In theory, then, because the underlying action in this case pends in federal court in Pennsylvania only the Superior Court of the District of Columbia has the statutory authority to cancel the notice of lis pendens. That reading, however, conflicts with a core principle underpinning the federal Constitution and the laws of the United States.

Article III of the United States Constitution provides that the "judicial Power shall extend to all Cases . . . between Citizens of different States." U.S. Const. art. III, § 2. A federal court sitting in diversity may hear a case between a defendant and a plaintiff from different states

involving a cause of action emanating solely from state law. *See Owensboro Waterworks Co. v. City of Owensboro*, 200 U.S. 38, 46 (1906); 28 U.S.C. § 1332(e) (noting that Congress has provided that the District of Columbia is a "State" for purposes of diversity jurisdiction). A federal court's authority to hear a state cause of action pursuant to diversity jurisdiction is tethered to the longstanding principle that "[w]henever a general rule as to property or personal rights, or injuries to either, is established by State legislation, its enforcement by a Federal court in a case between proper parties is a matter of course, and the jurisdiction of the court, in such case, is not subject to State limitation." *Chicago & N.W.R. Co. v. Whitton*, 80 U.S. 270, 286 (1871); *see also* Wright & Miller, *State Attempts to Limit Federal Jurisdiction*, 17A Fed. Prac. & Proc. Juris. § 4211 (3d ed. 2021) ("[I]t remains true that a state may not limit the jurisdiction of the federal courts."). A state statute, in other words, cannot deprive a federal court of diversity jurisdiction by providing that a claim actionable under state law may be prosecuted only in a state court. *See Tennessee Coal, Iron & R. Co. v. George*, 233 U.S. 354, 360 (1914) (holding that "a State cannot create a transitory cause of action and at the same time destroy the right to sue on that transitory cause of action in any court having jurisdiction").

Against that core principle, the Court interprets D.C. Code § 42-1207(g)(2) to permit a litigant to file an action in federal court seeking to cancel a notice of lis pendens when the action underlying the notice of lis pendens is pending outside of the District. A contrary reading would permit the District to box out federal courts from hearing claims or actions to cancel a notice of lis pendens that the Superior Court of the District of Columbia would otherwise have the statutory authority to entertain.

### IV.   The Court Will Order the Cancellation of the Notice of Lis Pendens

To obtain a judgment ordering the cancellation of a notice of lis pendens under D.C. Code § 42-1207(h)(2), a court must find that (A) the "moving party will suffer an irreparable injury if

the notice is not cancelled;" (B) the "moving party has demonstrated a substantial likelihood of success on the merits in the underlying action or proceeding;" (C) a "balancing of the potential harms favors the moving party; and" (D) the "public interest favors cancelling the notice."  The Court finds that Sutton Investments is entitled to a judgment ordering the cancellation of the notice of lis pendens against its property recorded on November 15, 2021.

The Complaint along with its exhibits show that the company will suffer irreparable injury if the notice is not cancelled.  Sutton Investments has entered into a sales contract with a third-party purchaser, which calls for the sale to close on or before December 30, 2021.  *See* Compl. ¶ 32 n.2.  The company claims, and the Court has no reason to doubt, that the sale will not close as long as the notice of lis pendens continues to cloud title and that the sale must close before the end of the year or the contract may fall apart.  *See* Mot. for a PI at 13.  The Court finds that the company will suffer an irreparable injury if the sale does not close on or before December 30, 2021.

Sutton Investments also has demonstrated a substantial likelihood of success on the merits in the underlying action.  Recall that Perlmutter and Bolick filed a lawsuit in the United States District Court for the Eastern District of Pennsylvania disputing Varone's entitlement to the company and the accompanying property.  That pending action appears to lack merit for at least two reasons.  First, a federal court in Pennsylvania almost certainly lacks personal jurisdiction over Sutton Investments to adjudicate a dispute involving real property located in the District.  *See Mr. Sandless Franchise, LLC v. Karen Cesaroni LLC*, 498 F. Supp. 3d 725, 733 (E.D. Pa. 2020).  Second, a number of courts have issued final judgments on the same claims raised in the latest action.  The principles of res judicata therefore likely render the pending action meritless.  *See Ashbourne v. Hansberry*, 894 F.3d 298, 302 (D.C. Cir. 2018).  The Court finds that the company has demonstrated a substantial likelihood of success on the merits in the underlying action.

A balancing of the potential harms also tilts in favor of an order cancelling the notice of lis pendens. Sutton Investments, together with its manager Varone, have battled Perlmutter and Bolick in litigation for over a decade. *See* Trina Varone's Affidavit, ECF No. 2-2. Both the company and Varone stand to lose a suitable third-party purchaser because of the notice of lis pendens, which is based upon allegations and claims that have been resolved against Defendants time and time again. The Court finds that a balancing of potential harms favors the company.

The public interest also favors ordering the cancellation of the notice of lis pendens. Courts must protect property rights, *Cedar Point Nursery v. Hassid*, 141 S. Ct. 2063 (2021), because protecting property rights preserves freedom, *Murr v. Wisconsin*, 137 S. Ct. 1933, 1943 (2017). This duty extends to shielding property owners from vexatious and frivolous litigation, which, as is the case here, interferes with the property owner's ability to alienate title to a bona fide third-party purchaser. *See Chrysler Corp. v. Fedders Corp.*, 670 F.2d 1316, 1322 (3d Cir. 1982). The Court finds that it is in the public interest to order the cancellation of the notice of lis pendens.

Even though the District of Columbia Court of Appeals has instructed that the power of a court to order the cancellation of a notice of lis pendens before the entry of judgment in the underlying action "must be exercised parsimoniously," *Heck v. Adamson*, 941 A.2d 1028, 1030 (D.C. 2008), the Court finds that the circumstances of this case warrant such an order here, *see Jenkins v. Kerry*, 928 F. Supp. 2d 122, 138 (D.D.C. 2013) ("Plaintiff's Notice of Lis Pendens presents one of those rare cases clearly requiring cancellation by the Court.").[1]

---

[1] An order cancelling a notice of lis pendens is immediately appealable under the collateral order doctrine. *See McAteer v. Lauterbach*, 908 A.2d 1168, 1169 (D.C. 2006).

## V.     The Court Will Issue a Temporary Restraining Order

Federal Rule of Civil Procedure 65 covers a court's authority to issue a preliminary injunction and a temporary restraining order. The substantive standards undergirding both forms of equitable relief mirror one another. *See Open Tech. Fund v. Pack*, 470 F. Supp. 3d 8, 16 (D.D.C. 2020). To obtain either form of relief, the plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Sutton Investments requests injunctive relief because the history of harassing litigation shows that Perlmutter and Bolick will "continue to file cases in federal and state jurisdictions of their choosing based upon the same frivolous claims and record notices of lis pendens in an effort to preclude" the conveyance of the property. Compl. ¶ 15. In particular, the company requests an order precluding Perlmutter, Bolick, and their agents from recording, or attempting to record, any notice of lis pendens against the company's property without seeking prior leave of the Court. *See* Mot. for a PI at 16. The Court finds that Sutton Investments is entitled to a temporary restraining order precluding Perlmutter, Bolick, and their agents from recording, or attempting to record, any notice of lis pendens against the company's property without first seeking leave of the Court.[2]

---

[2] Though the same substantive standard governs both temporary restraining orders and preliminary injunctions, important differences between the two caution in favor of issuing the former before issuing the later. *See generally Sterling Com. Credit-Michigan, LLC v. Phoenix Indus. I, LLC*, 762 F. Supp. 2d 8, 13 (D.D.C. 2011). Preliminary injunctions differ from temporary restraining orders in at least two critical respects. First, the adverse party must have notice before a court may issue a preliminary injunction, whereas a court may issue a temporary restraint order even if the adverse party lacks notice. *Compare* Fed. R. Civ. P. 65(b)(1) ("The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney."), *with* Fed. R. Civ. P. 65(a)(1) ("The court may issue a preliminary injunction only on notice to the adverse party."); *see also Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 432 n.7 (1974) (describing the notice required for a court to issue a preliminary injunction). Second, a preliminary injunction "is of indefinite duration extending during the litigation," *U.S. Dep't of Lab. v. Wolf Run Mining Co.*, 452 F.3d 275, 281 n.1 (4th Cir. 2006), whereas a temporary restraining order lasts for no more than 14 days, Fed. R. Civ. P. 65(b)(2); *Tooele Cty. v. United States*, 820 F.3d 1183, 1186 (10th Cir. 2016) ("After fourteen days, the border either lapses or becomes a preliminary injunction.").

10

Sutton Investments has demonstrated a substantial likelihood of success on the merits on potential claims brought in the next 14 days against the company's property. *See Council on Am.-Islamic Rels. v. Gaubatz*, 667 F. Supp. 2d 67, 74 (D.D.C. 2009).[3]  Perlmutter and Bolick have shown a propensity to file frivolous and duplicative lawsuits against Sutton Investments and Varone.  In recent months, Perlmutter and Bolick have resorted to state and federal courts in an effort to prevent the company from consummating the sale of its property to a third-party purchaser.  Court after court has found meritless Perlmutter and Bolick's claims.  Sutton Investments has and will continue for the immediate future to have a substantial likelihood of success on the merits of any claims brought by Perlmutter and Bolick against the property.

The company also would suffer irreparable injury if the Court did not preclude Perlmutter, Bolick, and their agents from filing yet another notice of lis pendens before the sale contract closes on or before December 30, 2021. *See Sibley v. Obama*, 810 F. Supp. 2d 309, 310 (D.D.C. 2011).  Sutton Investments stands to lose a suitable third-party purchaser for the property as long as a notice of lis pendens remains lodged with the District's land recordation office.  That loss has the potential to cause both it and Varone irreparable injury.

Granting a temporary restraining order would not substantially injure other interested parties. *See Gomez v. Kelly*, 237 F. Supp. 3d 13, 14 (D.D.C. 2017).  Perlmutter and Bolick will not suffer harm because they have had their years in court and have lost at every turn.  It did not take, and should not have taken, multiple judicial opinions to make clear that neither Perlmutter nor Bolick has an interest in the property.

---

[3] The Court concludes that, considering that Perlmutter and Bolick have filed lawsuit after lawsuit against Sutton Investments and Varone and multiple notices of lis pendens against the underlying property, the company has standing to seek equitable relief to prohibit Perlmutter, Bolick, and their agents from filing yet another notice of lis pendens against the property. *See generally City of Los Angeles v. Lyons*, 461 U.S. 95 (1983); *see also Kareem v. Haspel*, 986 F.3d 859, 865 (D.C. Cir. 2021) (quotation omitted) (noting that the plaintiff to seek prospective injunctive relief "must establish an ongoing or future injury that is certainly impending; he may not rest on past injury").

Issuing a temporary restraining order under the facts and circumstances of this case would also serve the public interest.  *See Hall v. Johnson*, 599 F. Supp. 2d 1, 3 (D.D.C. 2009).  The public has an interest in courts protecting property owners from vexatious and frivolous litigation.  Temporarily prohibiting Perlmutter and Bolick from interfering with Sutton Investments' right to convey its title to a bona fide third-party purchaser serves the public interest.

Having considered the facts, history, and circumstances surrounding the request for injunctive relief, and having balanced the equities, the Court will grant a temporary restraining order prohibiting Perlmutter, Bolick, and their agents from recording, or attempting to record, any notice of lis pendens against the company's property over the next 14 days without first seeking leave of the Court.[4]

---

[4] The Court notes that Sutton Investments has included an affidavit from Varone.  *See* Trina Varone's Affidavit, ECF No. 2-2.  Varone serves as the managing member of the company and has declared under penalty of perjury that the facts alleged in the affidavit are true.  *Id.* ¶¶ 1, 30.  This affidavit brings the request for equitable relief into conformity with one of the two necessary conditions to obtain a temporary restraining order.  *See* Fed. R. Civ. P. 65(b)(1)(A) ("The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition . . .").  The company has also moved for an order deeming the Defendants to have been served with process by alternative means.  *See* Mot. for Service, ECF No. 8.  The motion explains the company's effort to serve both Perlmutter and Bolick and to provide both with adequate notice of the request for injunctive relief.  *See id.* ¶¶ 1, 6.  This motion brings the request for equitable relief into conformity with second of the two necessary conditions to obtain a temporary restraining order.  *See* Fed. R. Civ. P. 65(b)(1)(B) ("The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required . . .").

An additional remark.  Rule 65(c) instructs that a "court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."  Courts have fractured over whether that Rule's mandatory language requires a movant seeking injunctive relief to post security in all circumstances.  *Compare Appalachian Reg'l Healthcare, Inc. v. Coventry Health & Life Ins. Co.*, 714 F.3d 424, 431 (6th Cir. 2013); *Habitat Educ. Ctr. v. U.S. Forest Serv.*, 607 F.3d 453, 458 (7th Cir. 2010); *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009); *with Tilden Recreational Vehicles, Inc. v. Belair*, 786 F. App'x 335, 343 (3d Cir. 2019); *Richland/Wilkin Joint Powers Auth. v. United States Army Corps of Engineers*, 826 F.3d 1030, 1043 (8th Cir. 2016).  Against that backdrop, the Court instructed Sutton Investments to address whether it had to post security as contemplated by Rule 65(c).  *See* Minute Order, December 21, 2021.  In response, the company asserts that the Court has the discretion under this Circuit's caselaw to waive the security requirement.  *See* Response to Court Order, ECF No. 9.  The Court agrees.  Other Judges in this Circuit have found that Rule 65(c) "vest[s] broad discretion in the district court to determine the appropriate amount of an injunction bond," *DSE, Inc. v. United States*, 169 F.3d 21, 33 (D.C. Cir. 1999), including the discretion to require no bond at all, *Council on American–Islamic Rels. v. Gaubatz*, 667 F.Supp.2d 67, 80 (D.D.C. 2009); *see also Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 759 (D.C. Cir. 1980) ("[T]he district court has power not only to set the amount of security but to dispense with any

One last note. Sutton Investments requested relief in the form of a permanent injunction, too. *See* Compl. ¶¶ 52–57. The Court, having determined that the issuance of a temporary restraining order allows for the sales contract to close without additional interference from Perlmutter and Bilock, declines at this juncture to issue either a preliminary or a permanent injunction. *See Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165–66 (2010) ("If a less drastic remedy . . . [is] sufficient to redress [the] injury, no recourse to the additional and extraordinary relief of an injunction [is] warranted."); *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

## VI.     Conclusion

Because Sutton Investments has satisfied the conditions under D.C. Code § 42-1207(h)(2), the Court **GRANTS** the request for an order cancelling the notice of lis pendens. The Court also **GRANTS in PART** Sutton Investments' Motion for Equitable Relief. An Order will be entered contemporaneously with this Memorandum Opinion.

DATE: December 22, 2021

CARL J. NICHOLS
United States District Judge

---

security requirement whatsoever where the restraint will do the defendant no material damage, where there has been no proof of likelihood of harm, and where the applicant for equitable relief has considerable assets and is . . . able to respond in damages if defendant does suffer damages by reason of a wrongful injunction.") (quotation omitted); *Nat. Res. Def. Council, Inc. v. Morton*, 337 F. Supp. 167, 168 (D.D.C. 1971) ("It is well settled that Rule 65(c) gives the Court wide discretion in the matter of requiring security."). The Court concludes that Sutton Investments need not post security given the circumstances of this case.